## Hacker v. Rader.

March 4, 1949.

John E. Campbell and B. W. Baker for appellant.

A. E. Cornett, Scott E. Duff for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

Appellant sues appellee to enjoin the construction and use of a coal loading ramp which she alleges would be partly on her property and so close to a building owned by her as to constitute a nuisance. The Chancellor dismissed her petition.

The parties own adjoining lots on U. S. Highway 80 in the business section of Combs, which is a small unincorporated community. The principal industry in the town seems to be the mining and shipping of coal. There are several mines, tipples and loading ramps in the vicinity of appellant's property.

Appellant owns lots on both sides of appellee's property. Appellee's lot is 45 feet wide and extends from the highway to the L. & N. right-of-way at the rear, with a depth of 60 or 70 feet. There is a frame building thereon, and he originaly proposed to, and now has, constructed a coal loading ramp between this building and appellant's lot to the west. It is within a few feet of appellant's frame house, which she rents to others.

On the east side of appellee's building is a ramp which had been used by appellee and others for several years, and which is now owned by appellant. This is within a very few feet of another building owned by her which is operated as a liquor store. Appellant offered to lease this old ramp to appellee for the same purposes he wishes to use the new one.

Close behind the property of both parties lie three tracks of the L. & N. Railroad, and an additional spur track has been added for appellee's use. The ramp is used by appellee's trucks which dump coal into a hopper from whence it is carried to coal cars on the railroad by means of a conveyor.

There was sufficient evidence to support the Chancellor's finding that appellee's ramp is located wholly on his own property, and does not encroach upon appellant's lot.

The evidence is conflicting concerning the possible or actual existence of a nuisance. It appears coal operations in Combs almost continually create industrial noises and permeate the air with coal dust and smoke. Railroad operations directly to the rear of appellant's property also contribute to these conditions. Coal trucks constantly move back and forth immediately in front of appellant's property throwing off coal dust. Appellant seems to have had no objection to the use of the ramp on the other side of appellee's building which was adjacent to another building owned and used by her. There is evidence the use of appellee's new ramp raises less coal dust than was produced by use of the old one.

We do not think it necessary to go into the question of appellant's right to an injunction prior to the construction of appellee's ramp since the Chancellor considered its use as constructed during the pendency of the

action. He viewed the premises and is familiar with the conditions in the locality. We believe the evidence supports his determination that appellee did not prove such a nuisance as to entitle her to an injunction.

Appellant contends the Chancellor improperly overruled her motion to permit the reopening of her direct examination. As she had already closed her case, this was a matter within the Chancellor's discretion. Regardless of the ruling on this motion appellant had the right to introduce rebuttal testimony to accomplish the same purpose, of which right she did not avail herself. It may be noted here that the disposition of this suit does not prospectively determine the rights of the parties, and if appellee actually does maintain a nuisance on his premises, appellant may still have a legal or equitable remedy.

For the reasons stated, the judgment is affirmed.